Van STAFFORD and Lois Stafford, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–2559.

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1986.

Van Stafford and Lois Stafford, pro se.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, and Douglas G. Coulter, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before McKAY, SETH and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

Petitioners appeal from an order of the United States Tax Court granting the Commissioner's motion to dismiss for failure to state a claim and affirming the Commissioner's determination of deficiencies and additions to tax.

The Commissioner notified the petitioners that they owed tax deficiencies and additions to tax for the years 1979 and 1980. The petitioners then filed a petition for redetermination. The petition contained no assignments of error or factual allegations. The petitioners instead stated:

In *Solsbee [Solesbee] vs. Balkom [Balkcom]* 339 U.S. 9, 16 [70 S.Ct. 457, 460, 94 L.Ed. 604] (1949 [1950]), it was held: "Due prosess [sic] is that which comports with the deepest notions of what is fair, right and just."

In *Simmons vs. U.S.*, 390 U.S. 377, 394, [88 S.Ct. 967, 19 L.Ed.2d 1247] it was held: "It is intolerable that one Constitutional right should have to be surrendered in order to assert another."

In *Goldberg vs. Kelly*, 397 U.S. 254, 271 [90 S.Ct. 1011, 1022, 25 L.Ed.2d 287], it was held: "An impartial decision-maker is essential."

The Commissioner subsequently filed a motion to dismiss for failure to state a claim, alleging that petitioners failed to conform their petition to Rule 34(b)(4) and (5) of the Rules of Practice and Procedure of the United States Tax Court. The Commissioner also sought damages pursuant to 26 U.S.C. § 6673.

The Tax Court dismissed the petition and finding it to be frivolous and groundless, granted the Commissioner's request for damages pursuant to 26 U.S.C. § 6673. The Tax Court determined that the deficiencies and additions to tax were due and owing.

On appeal, petitioners essentially raise the arguments asserted in the Tax Court.

Initially we note that petitioners have filed a motion for summary judgment and other miscellaneous motions in this court. We construe these motions as supplemental briefs.

■ We turn now to the merits. We have reviewed the record and determine that the Tax Court correctly affirmed the Commissioner's determination of deficiencies and additions to tax. We further conclude that the award of damages pursuant to 26 U.S.C. § 6673 was appropriate. For the reasons expressed by the Tax Court in the memorandum sur order entered July 15, 1985, we affirm.

■ The Commissioner urges that sanctions be imposed on the taxpayers for bringing a legally frivolous appeal. The petitioners have had an opportunity to respond. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752,

764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook*, 99 U.S. (9 Otto) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed attorney's fees and double costs for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir.1980).

In light of petitioners' legally frivolous appeal, the award of damages and double costs is justified.

Accordingly, damages in the amount of $500 and double costs are hereby imposed against petitioners for the taking of a legally frivolous appeal.

The judgment of the United States Tax Court is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.

**Van STAFFORD and Lois Stafford, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–2765.

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1986.

Van Stafford and Lois Stafford, pro se.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, and Douglas G. Coulter, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before McKAY, SETH, and TACHA, Circuit Judges.