The mandate shall issue forthwith.

**Van STAFFORD and Lois Stafford, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–2765.

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1986.

Van Stafford and Lois Stafford, pro se.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, and Douglas G. Coulter, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before McKAY, SETH, and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the United States Tax Court granting the Commissioner's motion for summary judgment and affirming the Commissioner's determination of deficiencies and additions to tax.

The Commissioner notified the petitioners that they owed tax deficiencies and additions to tax for the years 1971, 1974, 1975, and 1977. Petitioners filed a petition for redetermination. They essentially challenged each of the Commissioner's determinations and alleged that the deficiencies were barred by the statute of limitations.

Initially petitioners were represented by counsel. After counsel withdrew, petitioners proceeded pro se. Petitioners then abandoned their objections to the Commissioner's determinations and, instead, essentially claimed that they were not subject to income tax. The Tax Court subsequently granted the Commissioner's motion for summary judgment.

On appeal, petitioners continue to argue that they are not subject to income tax.

Initially, we note that petitioners' motion for summary judgment and other miscellaneous motions, filed in this court, have been construed as supplemental briefs.

We turn now to the merits. We have reviewed the record and relevant law and conclude that the Tax Court correctly granted the Commissioner's motion for summary judgment. For the reasons stated in the Tax Court's memorandum sur order, dated August 21, 1986, we affirm.

The Commissioner urges that sanctions be imposed on the taxpayers for bringing a legally frivolous appeal. The petitioners have had an opportunity to respond. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook*, 99 U.S. (9 Otto.) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed attorney's fees and double costs for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir.1980).

In light of petitioners' legally frivolous appeal, the award of damages and double costs is justified.

Accordingly, damages in the amount of $500 and double costs are hereby imposed against petitioners for the taking of a legally frivolous appeal.

The judgment of the United States Tax Court is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.