*Relations Bd.*, 835 F.2d 705, 707 (7th Cir. 1987)).

The mandate shall issue forthwith.

**Donald ATKINSON, Plaintiff–Appellant,**

**v.**

**Agent William O'NEILL; Appeals Officer, Judy Dorsch; District Council James Finlen, Jr.; Officer Betty Hunter, of Internal Revenue Service, Defendants–Appellees.**

**No. 88–1132.**

United States Court of Appeals,
Tenth Circuit.

Feb. 10, 1989.

Donald Atkinson, pro se.

William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, and Howard M. Soloman, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., of counsel), for defendants-appellees.

Before BALDOCK, BRORBY, Circuit Judges, and BURCIAGA, District Judge.*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court granting defendants' motion for summary judgment. The district court granted summary judgment on the ground that defendants were entitled to absolute and qualified immunity.

The district court treated this action as against defendants in their individual capacities. Careful examination of plaintiff's pleadings and briefs on appeal reveals that plaintiff was not suing defendants in their individual capacities, but rather was suing them in their official capacities. Plaintiff stated in his response to the motion for summary judgment that he was not suing

---

\* The Honorable Juan G. Burciaga, District Judge, United States District Court for the District of New Mexico, sitting by designation.

defendants in their individual· capacities. Therefore, he was suing them in their official capacities as employees of the Internal Revenue Service (IRS) and United States. In his reply brief on appeal, he states that he intended to bring suit against the United States and it was not his intent "to bring suit against the individuals, their names were included for investagative (sic) purposes only."

When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States. *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir.1983); *see also Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963) (relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (suit against IRS employees in their official capacities is a suit against the United States). Plaintiff essentially was suing the United States, even though the United States was not actually named as a party.

It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived. *See Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The United States has not waived sovereign immunity in circumstances such as those alleged by plaintiff. Accordingly, this action was barred by the doctrine of sovereign immunity.

In addition, this action was an impermissible attempt to attack the Tax Court's decision.·

Although we disagree with the district court's reasons for granting summary judgment, upon consideration of the briefs, record on appeal, and relevant case law, we conclude the district court correctly granted summary judgment. *See Wiggins v. New Mexico State Supreme Court Clerk*,

664 F.2d 812, 816 (10th Cir.1981) (court of appeals may affirm district court on any grounds supported by the record), *cert. denied*, 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982). We further conclude that the district court did not err by not holding a jury trial.

Defendants request that we impose sanctions of $1,500 in lieu of attorney's fees and costs on plaintiff for bringing a legally frivolous appeal. Plaintiff has had an opportunity to respond to the request.

Courts have the inherent power to impose a variety of sanctions on ... litigants ... in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook*, 99 U.S. (9 Otto.) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S. C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed attorney's fees and double costs for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir.1980).

*Stafford v. Commissioner*, 805 F.2d 895, 896 (10th Cir.1986); *Stafford v. Commissioner*, 805 F.2d 893, 894–95 (10th Cir. 1986).

In light of plaintiff's legally frivolous appeal, an award of damages and double costs is justified. Rather than impose a set sanction amount as requested by defendants, we remand to the district court to make a determination.

The judgment of the United States District Court for the District of Kansas is AFFIRMED, and the case is REMANDED to the district court to determine the amount of the sanction to be awarded for taking a legally frivolous appeal. The district court may "look to the principles that

have evolved in the interpretation of Rule 11" in assessing the amount of the sanction awarded pursuant to Rule 38 and § 1912. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n. 21 (5th Cir.1988) (quoting *Sparks v. National Labor Relations Bd.*, 835 F.2d 705, 707 (7th Cir.1987)).

The mandate shall issue forthwith.