931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
CIMARRON ELEVATOR, INC. an Oklahoma corporation, Plaintiff-Appellee,
v.
Van STAFFORD, Lois Stafford, Aphko, Uninc and United States
of America ex rel. District Director of the
Internal Revenue Service, and Campo
Holding Trust, Defendants-Appellants.
 No. 90-6056.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT[8]
 LOGAN, Circuit Judge.
 
 
 1
 Defendants Van and Lois Stafford appeal an order entered by the district court denying them relief from a default judgment in favor of the government for collection of unpaid federal income taxes. The Staffords essentially raise three issues on appeal: (1) whether the government properly removed the case to federal court; (2) whether the Staffords are "taxpayers" within the meaning of the Internal Revenue Code; and (3) whether the Commissioner has authority to levy against the Staffords' property to satisfy their federal tax liability. We affirm.
 
 
 2
 This appeal evolved out of the Commissioner's assessment of tax deficiencies and additions against the Staffords for the years 1971, 1974, 1975, 1977, 1979 and 1980. The Commissioner's determination was affirmed by both the United States Tax Court and the Tenth Circuit. Stafford v. Commissioner, 805 F.2d 893 (10th Cir.1986); Stafford v. Commissioner, 805 F.2d 895 (10th Cir.1986). The government sought to satisfy the judgments by levying on installment payments the Staffords received from Cimarron Elevator, Inc.[1] The Staffords collected the installments through a trust they created, Aphko, Uninc.[2] To determine entitlement to its installment payments, Cimarron filed an interpleader action in an Oklahoma state court. The government removed the action to federal district court pursuant to 28 U.S.C. Secs. 1444 and 2410. I R. tab 1.
 
 
 3
 The district court entered a default judgment against the Staffords on April 21, 1987, following their failure to respond or to participate in any proceedings. The Staffords thereafter filed a Fed.R.Civ.P. 60(b) "Motion to Vacate Judgment," claiming that they had not been properly served with notice of the government's removal. The district court denied the Staffords' motion on August 13, 1987, and they did not appeal. Approximately two years later, the Staffords filed several new motions which the district court rejected. Finally, on January 23, 1990, the district court rejected a new series of motions which are the subject of this appeal.
 
 
 4
 The Staffords first argue that the government failed to provide them with notice of the case's removal to federal court. This argument is untimely. The district court, by an order dated August 13, 1987, determined that the case had been properly removed by the government. The Staffords did not appeal this initial determination. Therefore, under Fed.R.App.P. 4(a)(4), the Staffords cannot now appeal this decision. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Morris v. Adams-Millis Corp., 758 F.2d 1352, 1356-57 (10th Cir.1985).
 
 
 5
 The Staffords' other contentions on appeal are without merit. First, they argue that they are not subject to federal income tax laws because they are sovereign people. This argument is patently frivolous. See Stoecklin v. Commissioner, 865 F.2d 1221, 1224 (11th Cir.1989). Equally unmeritorious is their argument that the Commissioner does not have the power to levy against payments owed to their trust. See Christensen v. Ward, 916 F.2d 1462, 1476 (10th Cir.) ("Assessment and levy pursuant to statutory procedures and subject to judicial review do not violate any clearly established right to due process."), cert. denied, 111 S.Ct. 559 (1990); G.M. Leasing Corp. v. United States, 429 U.S. 338, 351 (1977) (property held by the alter ego of a taxpayer is considered property of the taxpayer and subject to lien).
 
 
 6
 The government requests that we impose a sanction of $1500 against the Staffords for bringing a frivolous appeal. Although this amount will not cover the costs incurred in defending this appeal, the government argues that a lump-sum award would deter future appeals and avoid the expenditure of additional time calculating exact costs. The Staffords have had notice of the request and an opportunity to respond.
 
 
 7
 After examining the record and the briefs, we agree that the Staffords' appeal is legally frivolous and that sanctions are warranted in this case. Accordingly, pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38, we impose sanctions against the Staffords in the amount of $1500 for their taking a frivolous appeal.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The installment payments resulted from Cimarron's purchase of a grain elevator from the Staffords
 
 
 [2]
 The Staffords, as trustees, later purported to assign the interest held by Aphko, Uninc to the "Campo Holding Trust," for which Van Stafford served as a trustee. I R. tab 48, exh. H at 2