961 F.2d 1518
 69 A.F.T.R.2d 92-1165, 92-2 USTC P 50,368
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby G. GOSNELL, Defendant-Appellant,
and
Carolyn Rose; Ute View Farms; C. Wilson; J. Val Kruse;
Wanda Snyder; Centennial Savings Bank; and State
of Colorado, Department of Revenue, Defendants.
 No. 91-1282.
 United States Court of Appeals,
Tenth Circuit.
 April 21, 1992.
 
 1
 Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack, Kenneth W. Rosenberg, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Michael J. Norton, U.S. Atty., Denver, Colo., of counsel), for plaintiff-appellee.
 
 
 2
 Bobby G. Gosnell, pro se.
 
 
 3
 Before SEYMOUR and ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 4
 SAM, District Judge.
 
 
 5
 Defendant Bobby G. Gosnell appeals from an order of the district court holding him liable for unpaid federal personal income taxes, penalties and interest for the years 1976 through 1982, and ordering that the government's tax liens against Gosnell's real property be foreclosed.
 
 
 6
 The government commenced this action pursuant to 26 U.S.C. § 7403 seeking to reduce Gosnell's unpaid tax liabilities to judgment, to set aside as fraudulent a transfer of real property to defendant Ute View Farms,[1] and to foreclose federal tax liens against that property.[2]
 
 
 7
 In 1976 and 1977, Gosnell filed federal income tax returns with only his marital status, filing status, and claim of one personal exemption noted. He paid no taxes. Gosnell filed no federal income tax returns for the years 1978-1982.
 
 
 8
 In 1981, the government issued a statutory notice of deficiency to Gosnell for the 1976 and 1977 tax years. Gosnell did not contest the deficiencies. Gosnell and his then wife, defendant Carolyn Rose, had purchased some real property in 1975. In 1982, Gosnell transferred title to that property to Ute View Farms, a purported business trust. In 1983, the government recorded a lien on the property for purposes of his 1976 and 1977 tax liabilities. See 26 U.S.C. § 6321.[3] The government also computed income and self-employment tax liabilities for 1978-1982 and sent another notice of deficiency for those years. Again Gosnell did not contest the deficiencies and did not pay the assessments. In 1986, the government recorded another lien on the property arising from Gosnell's tax liabilities for 1978-1982.
 
 
 9
 On appeal, Gosnell argues the government never clarified under which section of the code he was liable. He also argues the government did not prove he was a taxpayer, he was "in a taxable charged activity," what tax he owed, if that tax were direct or indirect, or he did not file the required tax forms. He argues the government failed to prove that the assessment was proper; that it had jurisdiction or authority to investigate, make an assessment, or to issue a deficiency letter; or that the agent in charge of the investigation had proper authority. Gosnell argues he was improperly denied counsel.
 
 
 10
 Gosnell erroneously attempts to place the burden of proof on the government. However, "the statutory notice of deficiency is presumed correct; the burden rests on the taxpayer to establish that the determination of income is erroneous." Jones v. Commissioner, 903 F.2d 1301, 1303 (10th Cir.1990) (citing Zell v. Commissioner, 763 F.2d 1139, 1141 (10th Cir.1985)). Gosnell presented no evidence to meet this burden.
 
 
 11
 Further, it was Gosnell's responsibility to keep records sufficient to show whether or not he was liable for taxes. See 26 U.S.C. § 6001. Because Gosnell kept inadequate records, the government was entitled to reconstruct his income and expenses, using estimates if necessary. See Jones, 903 F.2d at 1303. When a deficiency is thus determined, " 'the taxpayer must prove that the determination is arbitrary and erroneous....' " Id. at 1304 (quoting Ruidoso Racing Ass'n, Inc. v. Commissioner, 476 F.2d 502, 507-08 (10th Cir.1973)) (emphasis added). Gosnell presented no evidence to refute the presumption. Therefore, the district court correctly upheld the government's determination of the deficiencies. See Casper v. Commissioner, 805 F.2d 902, 905 (10th Cir.1986).
 
 
 12
 Gosnell does not argue that the transfer of the property to Ute View Farms was not fraudulent. The district court found that the transfer was a sham because Gosnell received no money or property in exchange for the property, nor was there any documentation evidencing the existence of Ute View Farms. Further, after transferring the property, Gosnell continued to live there and made regular mortgage payments. He maintained, in his own name, homeowner's insurance, telephone service, and electric service on the property. He paid real estate taxes and allowed his brother to live there rent free.
 
 
 13
 "Property held in the name of an entity which is the alter ego of a taxpayer may be levied on to satisfy the tax liabilities of the taxpayer." F.P.P. Enters. v. United States, 830 F.2d 114, 118 (8th Cir.1987). The district court properly ordered the foreclosure on the government's lien after it determined that the transfer was fraudulent.
 
 
 14
 Finally, Gosnell argues he was erroneously denied the assistance of counsel. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir.1989). The district court did not err by refusing to appoint counsel here.
 
 
 15
 The government has requested sanctions in the amount of $1,500 for the taking of a frivolous appeal in accordance with Casper, 805 F.2d at 906-07. Gosnell has had an opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1514-15 (10th Cir.1987); see also Lonsdale v. United States, 919 F.2d 1440, 1447-48 (10th Cir.1990) (applying Braley notice requirement to pro se litigants). In other cases we have imposed sanctions for raising frivolous arguments similar to those raised here. See Lonsdale, 919 F.2d at 1447-48; Casper, 805 F.2d at 906-07; Stafford v. Commissioner, 805 F.2d 893, 894-95 (10th Cir.1986); Charczuk v. Commissioner, 771 F.2d 471, 472, 475-76 (10th Cir.1985). We agree that this appeal is frivolous and, therefore, award $1,500.00.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This and the other defendants were made parties to this suit because they might have had an interest in the property. See 26 U.S.C. § 7403(b). The government later moved to dismiss all defendants except Gosnell
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 26 U.S.C. § 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."