**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN W. PAUL,

      Plaintiff-Appellant,

v.

EDWARD J. RUGH, Health
Administrator, Corrections Medical
Services,

      Defendant-Appellee.

No. 97-2081
(D.C. No. CIV 95-0168 MV/WWD)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff John W. Paul, a prisoner appearing pro se, filed an action pursuant to 42 U.S.C. § 1983, claiming damages due to improper parole revocation proceedings and the prison health administrator's deliberate indifference to his serious medical needs. On the recommendations of a magistrate judge, the district court dismissed the claims against the parole officials, and granted summary judgment in favor of the remaining defendant on plaintiff's deliberate indifference claims.

Plaintiff first claims that parole officials Russell, Terrasas and Romero conspired to supply false information in order to revoke his parole.[1] Plaintiff does not allege that his parole revocation was reversed, declared invalid or otherwise called into question. Therefore, his § 1983 claim is barred. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (citing Heck v. Humphrey, 512 U.S. 477 (1994)). We note that plaintiff's claim raised here that his rights under state law were violated by delays in the parole revocation hearings was rejected in a previous appeal. See Paul v. McFadin, No. 96-2214, 1997 WL 407843 (10th Cir. July 21), cert denied, 118 S. Ct. 580 (1997).

We turn to plaintiff's claim that defendant Rugh was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104

---

[1]    Even though these defendants are not named in the notice of appeal, we have jurisdiction over them as appellees. See Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 n.9 (10th Cir. 1992).

(1976) (constitution protects prisoners from deliberate indifference to serious medical needs). Plaintiff alleges that defendant Rugh, the prison health administrator, countermanded his physician's order for a back brace. He further contends that defendant Rugh failed to inform his prison work supervisors of his medical restrictions, causing him to lose good time credits when he refused to work because he was unable to perform the work he was assigned.

We review the grant of summary judgment de novo, applying the same standard as the district court. See Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We consider the record in the light most favorable to the nonmoving party. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

On appeal, plaintiff claims (1) he was not permitted to cross-examine fully the defendant and a defense witness, (2) defendant failed to comply with his discovery requests, (3) the district court improperly used the Martinez report[2] to resolve disputed facts, (4) genuine issues of disputed material facts preclude

---

[2]    Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

summary judgment, and (5) the district court refused to appoint counsel for plaintiff.

The magistrate judge held a hearing on defendant Rugh's motion for summary judgment. The record reflects no restriction on plaintiff's ability to adduce testimonial or documentary evidence at the summary judgment hearing. To the contrary, the magistrate judge granted him wide latitude to present his case. Plaintiff claims that he was prevented from presenting evidence of his medical work restrictions, but the documents he sought to introduce in support were admitted into evidence. See R. vol. III, at 76. As for his claim that he was prejudiced by defendant Rugh's failure to respond to his discovery requests, he has made no showing of how the failure to provide discovery adversely affected his ability to oppose summary judgment. See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554-55 (10th Cir. 1993) (no abuse of discretion to deny extension of time for discovery where plaintiff failed to identify facts he believed would be revealed by discovery). Accordingly, the district court did not abuse its discretion in the conduct of the hearing or its management of discovery. See United States v. Lampley, 127 F.3d 1231, 1238 (10th Cir. 1997) (evidentiary rulings reviewed for abuse of discretion); Jensen, 998 F.2d at 1553 (denial of Fed. R. Civ. P. 56(f) discovery motion reviewed for abuse of abuse of discretion).

Plaintiff is correct that a <u>Martinez</u> report may not resolve disputed issues of fact, <u>see</u> <u>Northington v. Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992), and that summary judgment may not be granted unless there exist no genuinely disputed issues of material fact, <u>see</u> Fed. R. Civ. P. 56(c). However, a plaintiff's failure "to establish the existence of an element essential to [his] case, . . . on which [he] will bear the burden of proof at trial," will result in a determination that there exists no genuine dispute over material facts. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

Here, plaintiff alleged that his physician prescribed a back brace, but defendant Rugh refused to order one. The physician changed his initial opinion that plaintiff needed a back brace, and concluded that he did not need one. More to the point, defendant Rugh did not have the authority to override the physician's decision whether to order a back brace for plaintiff. <u>See</u> R. vol. III, at 6, 20-21. Plaintiff did not present evidence that defendant Rugh's actions resulted in the denial of a back brace prescribed by his physician, a showing required to defeat summary judgment.

In response to plaintiff's allegations that defendant Rugh failed and refused to provide information of his medical restrictions to prison job supervisors, defendant Rugh testified that medical work restrictions were written by the inmate's physician. <u>See</u> <u>id.</u> at 11. Defendant Rugh further testified that he was

-5-

not responsible for disseminating those orders, and he did not interfere with the delivery of plaintiff's medical restriction orders. See id. at 10-12. Plaintiff points to no admissible evidence to refute defendant Rugh's position that he was not involved in the procedures that plaintiff alleges violated his rights. Accordingly, because plaintiff failed to establish an essential element of his case, i.e., that defendant Rugh personally participated in the injurious conduct, see Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (no liability under § 1983 unless defendant was personally involved in deprivation of plaintiff's rights), summary judgment was appropriate.

Finally, plaintiff asserts that the district court should have appointed counsel for him. "'There is no constitutional right to appointed counsel in a civil case.'" United States v. Gosnell, 961 F.2d 1518, 1521 (10th Cir. 1992) (quoting Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989)). Upon review of all of the materials submitted in this case, we conclude that the district court did not err in refusing to appoint counsel.

This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge