**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAROLD L. ZIMMERMAN,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 98-9003
(D.C. No. 18815-97)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

      Petitioner-Appellant Jarold L. Zimmerman ("Zimmerman") did not file

federal income tax returns and did not pay any federal income taxes for the 1994

and 1995 tax years, although he had filed tax returns in previous years. (Notice

of Deficiency; US Tax Court Exhibits). Pursuant to 26 U.S.C. § 6212, the

Commissioner of Internal Revenue (the "Commissioner") sent Zimmerman a

---

     [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument. This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

notice of deficiency for $115,984, inclusive of penalties, on June 19, 1997, covering the 1994 and 1995 tax years. (Id.). The Commissioner calculated the amount of deficiency based on information contained in third-party returns filed with the Internal Revenue Service and on extrapolations from Zimmerman's 1993 return. (Id.).

On September 15, 1997, Zimmerman filed a timely petition in United States Tax Court challenging the deficiency notice. (Petition). By Order dated November 4, 1997, the Tax Court directed petitioner to file a proper amended petition setting forth with specificity the errors allegedly made by the Commissioner in determining Zimmerman's deficiency. (11/4/97 Order). Zimmerman filed an amended petition on November 25, 1997. (Amended Petition). Among other assertions, the amended petition stated, "Whether or not Petitioner had taxable income is completely irrelevant, given that there is no legally enforceable regulation upon which the government may rely to claim a requirement to file a form for any tax the agency purports the Petitioner to owe." (Id. at 8). On December 22, 1997, after finding that Zimmerman did not meet the requirements of Tax Ct. R. 34(b),[1] the Tax Court dismissed Zimmerman's petition

---

[1] Rule 34(b) states in relevant part:
The petition in a deficiency or liability action shall contain . . . :
\*     \*     \*     \*
(3) The amount of the deficiency . . . determined by the Commissioner, the
(continued...)

- 2 -

for failure to state a claim upon which relief can be granted.  (12/22/97 Order).

Zimmerman now appeals, and we affirm.

Nowhere in either his September or November petitions did Zimmerman make any specific factual allegation or claim showing that he did not in fact receive the taxable income attributed to him by the Commissioner for 1994 and 1995.  Nor did Zimmerman claim that he was entitled to additional deductions or exemptions for the tax owed on that income.  As a result, Zimmerman failed to comply with the dictates of Rule 34.[2]  Therefore, the district court did not err in dismissing Zimmerman's petition for failing to state a claim upon which relief can be granted.  Although Zimmerman challenges the constitutionality of Rule 34

---

[1](...continued)
nature of the tax, the year or years or other periods for which the determination was made; and, if different from the Commissioner's determination, the approximate amount of taxes in controversy.
(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.  The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner.  Any issue not raised in the assignment of error shall be deemed conceded.  Each assignment of error shall be separately lettered.
(5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.

[2]  Although Zimmerman proceeded pro se, pro se litigants must "follow the same rules of procedure that govern other litigants."  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

on appeal, the legitimacy of Rule 34 is well established and Zimmerman's arguments on this issue are frivolous.[3]

On appeal, the Commissioner filed a motion to impose sanctions on Zimmerman in the amount of $2,000 for bringing a frivolous appeal. See Casper v. Commissioner, 805 F.2d 902, 906-07 (10th Cir. 1986) (discussing authority for the imposition of sanctions on a motion by the government). In response, Zimmerman filed a motion to strike the Commissioner's request for sanctions, arguing that the Commissioner improperly relied on "summary decisions by this court" as legal authority in support of the motion for sanctions. See Lonsdale v. United States, 919 F.2d 1440, 1447-48 (10th Cir. 1990) (applying notice and opportunity to respond requirements to pro se litigants). In other cases, we have imposed sanctions for raising frivolous arguments similar to those raised here. See United States v. Gosnell, 961 F.2d 1518, 1521 (10th Cir. 1992); Lonsdale, 919 F.2d at 1447-48; Casper, 805 F.2d at 906-07; Stafford v. Commissioner, 805 F.2d 893, 894-95 (10th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471,

---

[3] Zimmerman also argues on appeal that the Tax Court erred by relying on cases not decided by the Supreme Court and on opinions issued in cases decided without a trial on the merits as controlling precedent. In addition, Zimmerman claims that Tax Ct. R. 142, which creates a presumption of correctness as to the Commissioner's findings and assigns the burden of proof to the petitioner challenging those findings, is unconstitutional. We also find these claims to be frivolous.

475-76 (10th Cir. 1985).  We agree with the Commissioner that Zimmerman's appeal is frivolous and without merit.

The Order of the Tax Court is AFFIRMED.  The Commissioner's motion for imposition of sanctions is GRANTED, and a sanction of $500 is imposed against Zimmerman.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge