**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SARKIS N. BALABANIAN; BAKA
S. BALABANIAN,

      Petitioners-Appellants,

vs.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 98-9015
(T.C. No. 15947-95)
(T.C. Memo. 1997-565)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MCWILLIAMS**, and **BRISCOE**, Circuit Judges.

---

Petitioners Sarkis N. Balabanian and Baka S. Balabanian appeal an adverse

determination by the United States Tax Court. See Balabanian v. Commissioner,

74 T.C.M. (CCH) 1439 (1997). Because the parties are familiar with the

underlying facts, and they are set out by the tax court, we do not restate them

unless pertinent for the issues on review.

Petitioners claim that the tax court erred in (1) determining that money

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ultimately received by them was reportable as income on their tax return for 1990 rather than for 1993; and (2) finding them subject to penalties under 26 U.S.C. § 6662. In addition, we must determine whether Petitioners timely filed their notice of appeal. Our jurisdiction arises under 26 U.S.C. § 7482(a), and we affirm.

A. Timely Filing of Notice of Appeal

As a preliminary matter, we must determine whether Petitioners timely filed their notice of appeal within 90 days after the entry of the tax court's decision. See Fed. R. App. P. 13(a)(1). The notice of appeal was filed on May 8, 1998, a little over five months past the December 29, 1997 entry of the tax court's decision. Petitioners timely filed a Motion for Enlargement of Time to File, which was granted on January 22, 1998. Given the granting of that motion, Petitioners timely filed a Motion to Reconsider and a Motion to Vacate or Revise the Decision. The motion to Vacate or Revise certainly terminated the running of the time to appeal until it was decided on February 11, 1998. See Fed. R. App. P. 13(a)(2) ("If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."); see also Okon v. Commissioner, 26 F.3d 1025, 1026 (10th Cir. 1994). Thus, we have jurisdiction to hear this appeal.

B. Year of Reportable Income

Petitioners claim that the tax court erred in determining that they received income as a result of dealings with M&L and its principle, Robert Joseph, in 1990, rather than in 1993, after they settled with the bankruptcy trustee. We uphold the tax court's findings of fact unless they are clearly erroneous, see Jeppsen v. Commissioner, 128 F.3d 1410, 1415 (10th Cir. 1997), and conclude that the court committed no error in finding that the Balabanians received income in 1990 as a result of dealings with M&L and Mr. Joseph.

A taxpayer is required to keep those records necessary to establish gross income. See 26 U.S.C. § 6001; see also United States v. Gosnell, 961 F.2d 1518, 1520 (10th Cir. 1992). Petitioners kept inadequate records of their income. They were advised by their tax preparer that if they came out ahead in any given year from the check exchanges with M&L, the difference would constitute income. In addition, they failed to record or report any of the interest or broker's fees or car payments credited or paid to them by M&L and there was an unexplained deposit to their account in the amount of $207,000. When the taxpayer's records are inadequate, the government may reconstruct income and expenses in any reasonable manner, see Anaya v. Commissioner, 983 F.2d 186, 188 (10th Cir. 1993); Gosnell, 961 F.2d at 1518, as the government did here using a bank deposits analysis.

Once the deficiency is determined, the taxpayer bears the burden of proving that "the determination is arbitrary and erroneous." Gosnell, 961 F.2d at 1520 (internal quotation marks and citations omitted). Unexplained bank deposits are prima facie evidence of income and need not be refuted by the government. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioners have failed to demonstrate that the government erred in its analysis of their income.

Their argument that the tax court improperly applied the claim of right doctrine to find that the money Petitioners received from the check scheme was taxable in 1990 is not persuasive, and totally ignores the other unexplained items. "There is a claim of right when funds are received and treated by a taxpayer as belonging to him." Healy v. Commissioner, 345 U.S. 278, 282 (1953). The tax court found that the Balabanians claimed the money as their own in 1990, did not make any claim in the bankruptcy estate until 1993, denied liability regarding the trustee's claim against them, and had been told that, if they were ahead of M&L at the close of the taxable year, they were liable to report that amount as income. See Balabanian, 74 T.C.M. (CCH) 1439 (1997). We cannot say that the court clearly erred in so finding, and these facts support its proper application of the claim of right doctrine.

We uphold the tax court's decision because the Balabanians have not carried their burden of overcoming the presumption of correctness accorded to the

Commissioner's assessment. The tax court made extensive findings of fact after hearing testimony and making its own credibility determinations, and these findings are amply supported by the record and the law. See LDL Research & Dev. II, Ltd. v. Commissioner, 124 F.3d 1338, 1344 (10th Cir. 1997) (a trial court's witness credibility determinations are entitled to great deference).

C. Penalty Assessment under 26 U.S.C. § 6662

Petitioners also assert that the tax court erred in upholding the Commissioner's assessment of a penalty for substantial understatement under 26 U.S.C. § 6662(b)(2). Specifically, they contend that no penalty should be applied because there was reasonable cause for the underpayment and they acted in good faith. See 26 U.S.C. § 6664 (precluding penalties under § 6662(c)(1) if the taxpayer establishes that he underpaid in good faith, based on reasonable cause); see also Richardson v. Commissioner, 125 F.3d 551, 554 (7th Cir.1997). We uphold the Tax Court's factual findings with respect to § 6662 unless they are clearly erroneous. See Little v. Commissioner, 106 F.3d 1445, 1449 (9th Cir. 1997).

We cannot say that the tax court erred in finding that Petitioners had not established good faith. The taxpayer bears the burden of proving reasonable cause. See Craddock v. Craddock, 149 F.3d 1249, 1254-55 (10th Cir. 1998).

Petitioners maintained inadequate records to determine their appropriate tax liability and were advised by their tax return preparer that any excess in their favor at the end of the year was taxable income. We agree with the tax court that the Balabanians have not met their burden, and this conclusion is supported by the record and the law.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge