**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOROTHY J. WADE,

      Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE;
WILLIAM H. HUDSON,

      Defendants-Appellees.

No. 99-2314

(D.C. No. CIV-98-1469-LH/LFG)
(D.N.M.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Dorothy J. Wade appeals the district court's decision dismissing

her action to quash summonses served on banks by the Internal Revenue Service

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(I.R.S.). We affirm.

## I.

The I.R.S. served two summonses on banks where Wade had accounts. Wade filed a "Civil Action," alleging that the I.R.S. could not audit her bank records because

> she is a natural born free sovereign of the republic of New Mexico, by birth, and an inhabitant of New Mexico republic (or commonwealth) of the United States of America, and . . . she does not reside in, or claim to have citizenship in, the United States or a possession of the [U]nited States . . . [and] she does not reside or work in the U.S. enclave within any 50 states of the union.

ROA at tab 1. The district court found it did not have jurisdiction to quash the summons because Wade failed to comply with the notice requirements of 26 U.S.C. § 7609(b)(2)(B).

## II.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999), cert. denied, 120 S. Ct. 845 (2000). Wade raises two claims on appeal: (1) that "under the United States Constitution, under the Fourth Amendment, the law requires Due Process before her privacy can be invaded" and (2) that the district court erred in "dismissing [Wade's] complaint without investigating all of the relevant circumstances surrounding the allegations." Wade does not address the jurisdiction issue.

2

In a proceeding to quash an I.R.S. summons, notice must be given "to the person summoned" within 20 days of the individual's notice of the summons. 26 U.S.C. § 7609(b)(2)(B). Wade does not dispute that she failed to mail a copy of her petition to the bank as required by § 7609(b)(2)(B). Failure to comply with § 7609(b)(2)(B) is a jurisdictional defect. 26 C.F.R. § 301.7609-3(b)(2)(iii) (stating that "[f]ailure to give timely notice to [] the summoned party . . . means that the notified person has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding"). The district court did not err in dismissing Wade's complaint for lack of subject matter jurisdiction.

The government has filed a motion for sanctions, arguing Wade's appeal is frivolous. Fed. R. App. P. 38 allows this court to award damages and costs to the appellee if the court "determines that an appeal is frivolous." We have noted that

> the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; . . . (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; . . . (6) the income tax is voluntary; [and] (7) no statutory authority exists for imposing an income tax on individuals.

Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990). We conclude that Wade's appeal is frivolous and grant the government's motion for sanctions in the amount of $1,000. See United States v. Gosnell, 961 F.2d 1518, 1521 (10th Cir. 1992) (imposing sanctions for frivolous taxpayer appeal), Casper v.

3

<u>Commissioner of Internal Revenue</u>, 805 F.2d 902, 906 (10th Cir. 1986) (same).

### III.

We GRANT the government's motion for sanctions in the amount of $1,000 and AFFIRM the decision of the district court.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4