**John M. CASPER, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–1857.

United States Court of Appeals, Tenth Circuit.

Nov. 18, 1986.

John M. Casper, pro se.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup and Gayle P. Miller, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BARRETT and BALDOCK, Circuit Judges, and CONWAY *, District Judge.

BALDOCK, Circuit Judge.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

* The Honorable John E. Conway, United States District Judge, District of New Mexico, sitting by designation.

This is an appeal from an order of the United States Tax Court granting the Commissioner's motion for summary judgment, affirming the Commissioner's determination of deficiencies and additions to tax, and awarding damages to the Commissioner for appellant's maintenance of a frivolous action. We affirm the judgment of the Tax Court and impose additional sanctions of $1,500 for appellant's frivolous appeal.

By notice of deficiency dated October 24, 1983, the Commissioner notified appellant that he owed taxes for the years 1980 and 1981, as well as additions to tax for those same years due to his failure to file a return, I.R.C. § 6651(a), his negligence in failing to pay any tax, I.R.C. § 6653(a), and his underpayment of estimated tax payments, I.R.C. § 6654. On January 26, 1984, appellant filed his petition in Tax Court, alleging that the Commissioner erroneously determined the deficiencies and additions to tax, and that the Commissioner failed to follow Internal Revenue Code procedures.

Following the filing of his answer, the Commissioner filed a request for admissions. Appellant responded by admitting that he had received the amounts of money from employers as alleged by the Commissioner, but that such amounts did not constitute wages or taxable income. The Commissioner then moved for summary judgment affirming the determined deficiencies and additions to tax, as well as for damages pursuant to I.R.C. § 6673. Appellant then filed his own motion for summary judgment, contending that the amounts he received were for an equal exchange of property (his labor) and therefore did not constitute taxable wages. A hearing was held on both motions on November 26, 1984, at which the parties stated that they had nothing to add to their pleadings as filed. The Tax Court issued its memorandum opinion April 1, 1985, in which it denied Appellant's motion for summary judgment, granted the Commissioner's motion for summary judgment, and awarded damages to the Commissioner of $5,000. Appellant filed a timely notice of appeal to this court. I.R.C. §§ 7482 & 7483.

The Tax Court resolved the motions for summary judgment in accordance with Tax Court Rule 121. The standard set forth in Rule 121 is substantially identical to the summary judgment standard of Fed.R. Civ.P. 56; there must be no genuine issue as to a material fact, and a decision may be rendered as a matter of law. The Supreme Court has recently determined in the context of Rule 56 that summary judgment may be granted where the evidence does not present sufficient disagreement to require submission to a jury. *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, ——, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. To preclude summary judgment on a properly supported motion, there must be a genuine dispute as to a fact which is material. *Id.* at ——, 106 S.Ct. at 2509–10. A fact is material if it is relevant under the applicable substantive law. *Id.* Summary judgment concerns the sufficiency of the evidence, not its weight. The inquiry is "whether the evidence presents a sufficient disagreement to require submission" to the trier of fact "or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at ——, 106 S.Ct. at 2512. In reviewing the Tax Court's resolution of the summary judgment motions, we apply the above standard. The Tax Court's decision to grant summary judgment is a legal determination, and such conclusions of law are reviewed *de novo* by this court. *Magneson v. Commissioner*, 753 F.2d 1490, 1493 (9th Cir.1985); *Walter v. Commissioner*, 753 F.2d 35, 38 (6th Cir.1985); *Manocchio v. Commissioner*, 710 F.2d 1400, 1402 (9th Cir.1983); *see also Wagner v. Commissioner*, 518 F.2d 655, 656 (10th Cir.1975) (holding decisions of the Tax Court reviewable in the same manner as decisions of a United States District Court sitting without a jury).

■ Appellant's contention that the amounts he received from his employers

constituted an equal, nontaxable exchange of property rather than taxable income is clearly without merit. This court specifically rejected this argument in *United States v. Lawson*, 670 F.2d 923, 925 (10th Cir.1982), as did the Tax Court in *Rowlee v. Commissioner*, 80 T.C. 1111, 1119–22 (1983). Furthermore, I.R.C. § 61(a)(1) clearly applies to the amounts received by appellant: "gross income means all income from whatever source derived, including ... (1) Compensation for services." Appellant's receipt of money from his employers falls within I.R.C. § 61(a)(1) as compensation, rather than under I.R.C. § 61(a)(3) as an exchange of property. Value received in exchange for services constitutes taxable income pursuant to I.R.C. § 61(a)(1). *See e.g. Connor v. Commissioner*, 770 F.2d 17, 20 (2nd Cir.1985); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984); *Perkins v. Commissioner*, 746 F.2d 1187, 1188 (6th Cir.1984); *Simanonok v. Commissioner*, 731 F.2d 743, 744 (11th Cir. 1984); *Funk v. Commissioner*, 687 F.2d 264, 265 (8th Cir.1982); *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir.1981); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981); *Wilson v. United States*, 412 F.2d 694, 695 (1st Cir.1969); *Commissioner v. Mendel*, 351 F.2d 580, 582 (4th Cir.1965); *United States v. Woodall*, 255 F.2d 370, 372 (10th Cir.), *cert. denied*, 358 U.S. 824, 79 S.Ct. 39, 3 L.Ed.2d 64 (1958). The taxation of such value received is constitutional. *See e.g. Stelly v. Commissioner*, 761 F.2d 1113, 1115 (5th Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985) (citing numerous cases holding taxation on income constitutional). The Tax Court's determination that the amount received by appellant from his employers constituted taxable income was correct.

Although he objected to the additions to tax as set forth in the notice of deficiency, appellant presented no evidence and set forth no specific argument as to why the additions to tax were improper. The Tax Court thus granted summary judgment in favor of the Commissioner on that issue. Because we agree that the amounts received by appellant constitute taxable income, and in light of appellant's failure to offer any evidence or argument that would tend to rebut or excuse his noncompliance with the cited sections, we affirm the Tax Court's decision upholding the Commissioner's determination of the additions to tax.

■ The Tax Court also awarded damages to the Commissioner in the amount of $5,000 pursuant to I.R.C. § 6673. This section allows an award of damages "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless." Appellant has not advanced the weary tax protester arguments that income taxes are unconstitutional or that receipt of currency cannot be taxable because Federal Reserve notes are not money. He has been content with a closely-related frivolous argument: that value received for labor is an exchange of property which is not taxable. The fact that appellant's wages constitute taxable income is as true as, well ..., as true as taxes.[1] *See United States v. Lawson*, 670 F.2d at 925; *Rowlee v. Commissioner*, 80 T.C. at 1119–22.

Appellant's position is not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. A review of the record discloses no effort on the part of appellant to distinguish existing case law, to bring about a reasoned extension or change in the law, or to point out actual errors in the Commissioner's determination of deficien-

---

1. "It was as true," said Mr. Barkis, "as turnips is. It was as true," said Mr. Barkis, nodding his nightcap, which was his only means of emphasis, "as taxes is. And nothing's truer than them."

C. Dickens, David Copperfield, ch. 21 at 296 (Macmillan ed. 1962).

cy. Rather, our review simply uncovers appellant's total rejection of well-established precedent and a refusal to accept "the other certainty." [2] We affirm the Tax Court's award of damages for filing and maintaining a factually groundless and legally frivolous action.[3] *See Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986). Such a sanction is easily avoided by advancing claims or defenses which have a factual basis and are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *See* Fed.R.Civ.P. 11 (signature on civil pleadings in United States District Courts constitutes certification as to reasonable factual and legal support for theories pursued); *see also* Advisory Committee Note to Rule 11, 97 F.R.D. 198–201 (1983). Additionally, such claims should not be interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Id.*

■ Finally, the Commissioner requests that we impose sanctions against appellant for filing a frivolous appeal. This court has the inherent power to impose sanctions to regulate the docket, promote judicial efficiency and to deter frivolous filings. *Van Sickle v. Holloway*, 791 F.2d at 1437; *Betz v. United States*, 753 F.2d 834, 835 (10th Cir.1985). The court also has statutory power to impose sanctions pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, both of which authorize an award of damages and single or double costs, as well as I.R.C. § 7482(c)(4), which authorizes an award of damages. We have imposed sanctions for frivolous appeals from Tax Court decisions. *See e.g. Stafford v. Commissioner*, 805 F.2d 895, 896 (10th Cir.1986). Merely raising the argument that value received for labor does not constitute taxable income, but rather constitutes a nontaxable exchange of property, justifies the imposition of sanctions. *Connor v. Commissioner*, 770 F.2d at 20.

■ In the past we have often awarded damages of $500 and double costs, rather than remanding to the Tax Court for a determination as to actual attorney fees. *See Stafford v. Commissioner*, 805 F.2d 893, 894 (10th Cir.1986); *Stafford v. Commissioner*, 805 F.2d 895, 896 (10th Cir. 1986); *Clark v. Commissioner*, 744 F.2d 1447, 1448 (10th Cir.1984); *Lamb v. Commissioner*, 733 F.2d 86, 88 (10th Cir. 1984), *modified, Lamb v. Commissioner*, 744 F.2d 1448, 1448–49 (10th Cir.1984); *Snead v. Commissioner*, 733 F.2d 719, 720 (10th Cir.1984), *modified, Lamb v. Commissioner*, 744 F.2d 1448, 1448–49 (10th Cir.1984); *Moulton v. Commissioner*, 733 F.2d 734, 734–35 (10th Cir.1984), *modified, Lamb v. Commissioner*, 744 F.2d 1448, 1448–49 (10th Cir.1984). On appeal, the Commissioner informs us that the average amount of direct costs associated with defending legally frivolous appeals exceeds $1,400. We now choose to adopt a rule awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a Tax Court decision. *See Coleman v. Commissioner*, 791 F.2d at 73. This increased, uniform award does not cover the indirect costs of frivolous litigation such as court congestion caused by frivolous appeals and the resultant delay to serious litigants. The award will (1) provide an effective sanction for the bringing of a frivolous appeal, (2) serve as an effective deterrent to the bringing of future frivolous appeals, and (3) recompense the government for at least the direct costs of the appeal. Although there is

---

2. "In this world nothing is certain but death and taxes." B. Franklin, Letter to M. Leroy (quoted in H.L. Mencken, A Dictionary of New Quotations, 1178 (1966)).

3. Although appellant appears pro-se, he is still required to have an awareness of and comply with relevant procedural and substantive rules of law. *Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975); *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir.1986).

some lack of precision in awarding a flat amount in a frivolous appeal from Tax Court, that has been past practice in this court and we believe it is justified to reduce the flow of paper and expenditure of time incident to the awarding of sanctions.

█ Again, the sanction is easily avoided by litigants advancing claims on appeal which have a factual basis and are warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Additionally, such claims should not be interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. "An appeal that lacks merit is not always—or often—frivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority." *Crain v. Commissioner*, 737 F.2d 1417, 1418 (5th Cir.1984). We hope that the increased sanction adopted in this case will sound a "cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years." *Id.* (quoting *Parker v. Commissioner*, 724 F.2d 469, 472 (5th Cir. 1984).

A sanction of $1,500 is hereby imposed against appellant for bringing a frivolous appeal.

AFFIRMED.