28 F.3d 114
 74 A.F.T.R.2d 94-5127
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 leonard D. ZABEL, Betty R. Zabel, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9003.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioners Leonard and Betty Zabel appeal the United States Tax Court's dismissal of their petition for redetermination of a tax deficiency, its imposition of a $1,000.00 penalty, and its denial of their motion to vacate. We affirm, and pursuant to Fed.R.App. P. 38, we assess a $1,500.00 sanction against the Zabels.
 
 
 4
 After an audit, the Commissioner of Internal Revenue issued a notice of deficiency informing the Zabels that they owed $5,106.00 in taxes and a penalty of $994.00. The Zabels petitioned the tax court to redetermine the deficiency and penalty on the grounds that (1) as state citizens, they are nonresident aliens and therefore owe no tax; and (2) they were not served notice requiring them to file a return or pay taxes.
 
 
 5
 The Commissioner moved to dismiss the Zabels' petition for failure to state a claim upon which relief could be granted. The tax court set a hearing on the motion and ordered the Zabels to file an amended petition specifically setting forth any alleged errors in the determination. The Zabels neither submitted such an amended petition nor attended the hearing. After finding that the Zabels filed a frivolous petition primarily for purposes of delay, the tax court dismissed the petition and imposed a sanction. The Zabels' motion to vacate was denied, and this appeal followed.
 
 
 6
 On appeal, the Zabels argue that (1) the Treasury Department's jurisdiction is limited to the District of Columbia, and therefore citizens of the individual states are nonresident aliens who are not subject to the tax laws; (2) there is no statutory duty to pay taxes; (3) the Commissioner has not been delegated authority to enforce the tax laws; (4) the Zabels were not served notice of their duty to file a return and pay tax; and (5) the petition was sufficient to state a claim for relief.
 
 
 7
 Because the Zabels' first three issues are frivolous, we address only the final two issues on appeal. There is no requirement that a taxpayer be served with notice pursuant to 26 U.S.C. 6001 before filing a return. Notice of the taxpayer's duty to file a return and pay tax is found in 26 U.S.C. 6012. Further, a review of the Zabels' petition convinces us that it raises only frivolous issues and fails to state a claim upon which relief may be granted. For these reasons, the tax court's decision is affirmed.
 
 
 8
 The Commissioner asks this court to impose sanctions against the Zabels, and they have had an opportunity to respond. In Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990), we held that there are certain tax protester arguments which are, per se, "completely lacking in legal merit and patently frivolous." As the Zabels have raised three of these arguments, we will grant the Commissioner's motion for sanctions in the amount of $1,500.00. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir.1986) (adopting a rule that a flat fee of $1,500.00 will be awarded as a sanction for frivolous appeals from tax court decisions).
 
 
 9
 The judgment of the United States Tax Court is AFFIRMED, a $1,500.00 sanction is imposed, and the mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation