39 F.3d 1191
 74 A.F.T.R.2d 94-6778
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael H. COTTON, sui-juris, a natural free man, in propria
persona, Plaintiff-Appellant,
v.
UNITED STATE of America, Defendant-Appellee.
 No. 94-8009.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Michael H. Cotton filed this suit for monetary and injunctive relief in a Wyoming state court, naming five employees of the Internal Revenue Service (IRS) as defendants and alleging that those individuals had engaged in fraud, extortion, and conspiracy in seizing a sales contract pursuant to a tax lien placed on Mr. Cotton's property when he failed to pay federal income taxes. All defendants petitioned to remove the action to federal court, and the United States Attorney then filed a notice of substitution, dismissing the action against the individuals and substituting the United States as a defendant. The district court thereafter granted the government's motion to dismiss for lack of subject matter jurisdiction. Mr. Cotton filed this appeal solely to contest the district court's removal order. We hold that removal was proper and we affirm the district court's dismissal of the action.
 
 
 3
 Mr. Cotton argues that he is not a citizen of the United States and thus is exempt from federal taxation and federal court jurisdiction. As proof of his "non-resident alien" status, he attaches affidavits stating that he was born in Texas and maintains his domicile in Wyoming. Mr. Cotton thus echoes the "hackneyed tax protester refrain that federal ... jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories." United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990). Once again, we find that this argument "defies credulity." Id.
 
 
 4
 Mr. Cotton brought this action against five IRS officers for actions taken in their official capacity and pursuant to statutory authority to collect revenue. While Mr. Cotton argues that the officers acted outside that authority, he rests this argument on the already-rejected notion that he is not a federal taxpayer. Aplt. Br. at 16-17. The removal of this action to federal court was therefore proper under 28 U.S.C. 1442(a)(1), and the substitution of the United States as defendant was permissible under 28 U.S.C. 2679(d)(1). The United States District Court for the District of Wyoming was also the appropriate venue for the case since Mr. Cotton filed his state case in the Seventh Judicial District of Wyoming. 28 U.S.C. 1442(a); see also 28 U.S.C 131.
 
 
 5
 "We review the question of a district court's subject matter jurisdiction de novo." Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir.1992). It is well settled that the United States, as a sovereign, possesses immunity from suit. See e.g., United States v. Sherwood, 312 U.S. 584, 586 (1941). If the sovereign consents to suit, the terms of its consent define the federal courts' jurisdiction to entertain the suit. United States v. Dalm, 494 U.S. 596, 608 (1990). Three possible avenues exist for Mr. Cotton to pierce the government's sovereign immunity, but none are available to him in this case. First, the Tucker Act, 28 U.S.C. 1346(a)(2), constitutes a waiver of immunity in some contractual suits claiming less than $10,000. Mr. Cotton seeks damages well in excess of $10,000 so exclusive jurisdiction vests, if at all, in the Court of Claims. See 28 U.S.C. 1491(a)(1). Second, the Federal Tort Claims Act waives immunity for torts of federal employees committed in the scope of their employment but excludes torts "arising in respect of the assessment or collection of any tax." 28 U.S.C. 2680(c). Finally, the Anti-Injunction Act bars any potential injunctive relief. 26 U.S.C. 7421(a). Therefore, the District Court's dismissal for lack of subject matter jurisdiction was proper.
 
 
 6
 We have discretion to impose sanctions for frivolous appeals. Fed. R.App. P. 38; 28 U.S.C.1912. The government here has requested sanctions, and Mr. Cotton has had an opportunity to respond. See Lonsdale v. United States, 919 F.2d 1440, 1447 (10th Cir.1990). Because Mr. Cotton bases his claim on the tired and oft-rejected assertion that he is not a federal citizen subject to federal taxation, we find his appeal to be frivolous and order him to pay sanctions of $1,500. See Casper v. Commissioner of Internal Revenue, 805 F.2d 902, 906 (10th Cir.1986).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470