T.C. Memo. 1997-179

UNITED STATES TAX COURT

SID L. MARQUIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23372-94.                    Filed April 15, 1997.

Sid L. Marquis, pro se.

David W. Sorensen, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b) and Rules 180, 181, and 182.[1]

Respondent determined deficiencies in petitioner's 1990 and
1991 Federal income taxes in the amounts of $3,919 and $6,376,

_____

[1]All section references are to the Internal Revenue Code in
effect for the taxable years in issue.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

respectively. Respondent also determined additions to tax for the years 1990 and 1991 under section 6651(a)(1) in the amounts of $540 and $1,594, respectively, and under section 6654 in the amounts of $76 and $365, respectively.

The issues for decision are: (1) Whether petitioner had unreported income in both years at issue; (2) whether petitioner failed to file timely Federal income tax returns for 1990 and 1991; and (3) whether petitioner underpaid his estimated taxes for the years 1990 and 1991.

A few of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner lived in Sparks, Nevada, at the time the petition in this case was filed.

Background

Petitioner did not file Federal income tax returns for 1990 and 1991 based upon his beliefs and his determination that he was not liable for any tax.

During the years under consideration, petitioner lived in San Diego, California. Petitioner was employed by Hawthorne Machinery Co. (Hawthorne) in 1990 and was paid for his work. Copies of payroll checks to petitioner from Hawthorne in 1990 totaling $23,325.59[2] were received into evidence. Petitioner worked for Hawthorne for 3 months in 1991. Copies of payroll

---

[2]The statutory notice of deficiency makes an adjustment to petitioner's income for 1990 in the amount of $28,287 for "wages".

checks to petitioner from Hawthorne in 1991 totaling $6,134.26[3] were introduced into evidence.

For the balance of the year 1991, when not working for Hawthorne, petitioner worked for himself.  Petitioner introduced into evidence a Form 1099-MISC from "Giving You Credit", Inc., reporting $29 of nonemployee compensation that he received in 1991.  Throughout the year 1991, petitioner lived in a house for which he paid rent and utilities.

Respondent examined petitioner's 1990 and 1991 taxable years and determined that petitioner had unreported wage income for both years, had unreported interest income in 1990, had unreported self-employment income in an amount determined by Bureau of Labor Statistics figures for 1991, failed to make required estimated tax payments in both years, and failed to file Federal income tax returns for both years.

Discussion

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); INDOPCO, Inc. v Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner's objections to respondent's adjustments are those typical of so-called tax protestors.  In his trial memorandum petitioner alleges that:  (a) He was born a

---

[3]The statutory notice of deficiency makes an adjustment to petitioner's income for 1991 in the amount of $8,530 for "wages".

"'State/Citizen'/'white citizen'", not a citizen pursuant to the 14th Amendment, and is therefore not "subject to the exclusive jurisdiction of the Federal United States government"; (b) the IRS has made false entries into his Individual Master File to give the appearance that a return was filed so that an examination could be done; (c) respondent has violated "numerous regulations"; (d) respondent has "utilized" regulations that only "pertain to Title 27 (ATF)"; and (e) petitioner has never been served a "'notice'" by the District Director requiring him to file a return or to keep records.

We see no need to address these or similar arguments of petitioner. See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984); accord <u>Casper v. Commissioner</u>, 805 F.2d 902, 907 (10th Cir. 1986), affg. T.C. Memo. 1985-154.

Petitioner has failed to carry his burden of proof, and respondent's determinations of deficiencies in and additions to tax for 1990 and 1991 are therefore sustained in their entirety.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.