**F I L E D**

UNITED STATES COURT OF APPEALS

**OCT 2 1997**

TENTH CIRCUIT

LARRY D. GASS and SANDEE
GASS,

        Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 97-9006 & 97-9007
(U.S. Tax Court Nos. 14540-96
& 16564-96)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

These appeals are from orders of the tax court upholding deficiency

determinations and additions to tax asserted against taxpayer appellants Sandee

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

and Larry Gass. On appeal petitioners argue that the tax court erred in both cases in failing to determine that the federal income tax is an indirect tax and therefore that the imposition of the taxes upon these petitioners is in violation of constitutional limitations. We AFFIRM.

Taxpayers Larry and Sandee Gass, petitioners herein, received income from the rental and sale of property in 1994. Appellee in this case, the Commissioner of the Internal Revenue Service, sent separate notices of deficiencies to each taxpayer asserting deficiencies in their 1994 income taxes and additions to tax under §§ 6651 and 6654 of the Internal Revenue Code. The additions to tax were based on the taxpayers' failure to file timely tax returns and to pay estimated taxes for the year involved. In lieu of paying the taxes, appellant taxpayers filed petitions with the United States Tax Court in which they alleged errors in the determination of these deficiencies and in the additions to tax. The taxpayers' arguments on appeal here are largely the same arguments that were presented to the tax court below. Taxpayers have the burden of proving both that the determination is erroneous and that the additions to tax were improperly assessed.

These taxpayers did not contest below nor do they contest here that they have received the income attributed to them in the notices of deficiency and that they have failed to pay the taxes and additions to tax assessed against them by appellee. The only arguments put forward by these taxpayers are related to their

allegations that the taxes imposed are unlawful indirect taxes and that taxpayers are not subject to these taxes and additions to tax. They further argue that they are not engaged in any taxable activities. We agree with the tax court that these arguments are frivolous and that this appeal is meritless. The order of the tax court is affirmed. Appellants' motions for the award of costs and damages is denied. Appellee's motion for sanctions is granted. We hereby impose against each appellant a sanction of $1,500 pursuant to 28 U.S.C. § 1912 and Fed. Rule App. P. 38 for the reasons stated in Casper v. C.I.R., 805 F.2d 902 (10th Cir. 1986).

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge