T.C. Memo. 1997-509


UNITED STATES TAX COURT


EDWARD J. FRAMI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8333-96.                    Filed November 12, 1997.


Edward J. Frami, pro se.

<u>James E. Schacht</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined income tax deficiencies in the amounts of $11,619 and $12,195 for petitioner's 1993 and 1994 taxable years, respectively. Respondent also determined that petitioner's 1993 and 1994 income tax returns were delinquent and that petitioner was liable for additions to tax in the respective amounts of $3,391 and $3,676

pursuant to section 6651(a)(1).[1]  The issues for our consideration are:  (1) Whether petitioner is liable for any portion of the 1993 or 1994 income tax deficiencies determined, and (2) whether petitioner is liable for additions to tax for failing to file a return.

FINDINGS OF FACT

Petitioner, who resided in Dousman, Wisconsin, at the time his petition was filed, was a salaried employee prior to 1993 and such employment ended prior to 1993.  Petitioner did not file a Federal income tax return for 1993 or 1994.  Respondent's agent contacted petitioner and requested that he file returns, and during mid-December 1995 petitioner submitted "delinquent" 1993 and 1994 returns to respondent's agent reflecting approximately $4,000 of income for each year and then reducing such amount to zero by claiming that such income was "non-taxable compensation". Attached to the 1993 delinquent return was a three-page document entitled "Affidavit and Statement", in which petitioner explained the reasons why he believes he owes no tax and the conditions and reasons for filing the "delinquent return".

In essence, petitioner's explanation is that no section of the Internal Revenue Code requires him to pay income tax and the

_____

[1] All section references are to the Internal Revenue Code in effect for the years under consideration, and all Rule references are to this Court's Rules of Practice and Procedure, unless otherwise indicated.

Federal income tax only applies to residents of Washington, D.C. and U.S. territories. Petitioner states that he is "a non-resident alien (American)". His explanation also contains citations to a number of unrelated Internal Revenue Code sections and cases that he concludes provide a basis for his not being liable for Federal income tax.

For 1993 and 1994 petitioner was self-employed, and he conducted some income-earning activity from his residence. He was also an employee and/or officer of the United States Taxpayers Party of Wisconsin (Party). For 1993, Party issued a Form 1099-MISC, Miscellaneous Income, to petitioner in the amount of $3,027, which represented Party's reimbursement of expenses to petitioner of amounts over and above those incurred by petitioner in the conduct of Party's activities during 1993. For 1994, Party changed its approach, and no Form 1099-MISC was issued to petitioner. Petitioner also received unemployment compensation from the State of Wisconsin during 1993 in the amount of $2,173, which was reported to petitioner and respondent by means of Form 1099-G, Certain Government Payments.

Due to the terse nature and format of petitioner's delinquent returns and petitioner's refusal to provide substantiation for the amounts reported in those returns, respondent's agent used a method of reconstruction to determine the amount of petitioner's 1993 and 1994 income. The method used

was to estimate petitioner's income by starting with an adjusted U.S. Department of Labor, Bureau of Labor Statistics (BLS) figure and reducing that amount by the known sources of petitioner's income, such as the Forms 1099 items.

Respondent's agent, at the time of the reconstruction had only 1991 BLS information and used those amounts and adjusted them by cost of living percentage increases applicable for the years in question. The agent used three sources of BLS income statistics, including those germane to petitioner's age, occupation, and geographical location. The three sources were then totaled and averaged for each year to arrive at the amounts used--$40,984 for 1993 and $42,090 for 1994. After reduction for petitioner's Forms 1099 income, which was known to respondent and the allowance of a personal exemption and standard deduction, petitioner's taxable income was determined to be $32,192 for 1993 and $32,866 for 1994.

Petitioner received unemployment compensation for 1993 and he lived without cost in his mother's home during 1993 and 1994. Petitioner did not pay for meals taken at his mother's home. Petitioner owned and operated automobiles of nominal value during 1993 and 1994. Petitioner's cost of living was below the average due to his life style. At the time of trial petitioner was not under criminal investigation by the Internal Revenue Service (IRS).

OPINION

Petitioner sought the jurisdiction of this Court by means of a petition alleging that respondent had erred in determining income tax deficiencies for petitioner's 1993 and 1994 taxable years. Petitioner refused to show his records to respondent's agents, and he also refused respondent's offer to stipulate facts. Petitioner stated that he appeared at trial for the purpose of expressing the view that the burden of proof should not be on taxpayers, but instead should be on respondent. The Court explained to petitioner that the rules were well-established that he had to bear the burden of showing that respondent's determination was in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). It was also explained to petitioner that if he did not come forward with any evidence, the Court would have no choice other than to sustain respondent's determination. Petitioner stated that he was willing to bear a tax burden for which he otherwise may not have been obligated in order to make the point that the tax system, as statutorily configured, is unfair.

Petitioner proceeded, under oath, to testify. Petitioner's relatively brief testimony mainly addressed his disagreement with the current approach to Federal tax administration and the resolution of Federal tax controversies. Within those comments, however, petitioner stated that he had some income, but that the

amounts for 1993 and 1994 were insufficient to generate a Federal income tax liability.  Petitioner also explained that he had records that would substantiate that he would not be liable for Federal income tax, but that he refused to show them to respondent or the Court because of his disagreement with the system and also because he invoked his privilege against self-incrimination under the Fifth Amendment of the U.S. Constitution either with respect to presenting records or filing a complete or detailed return.  In that regard, petitioner indicated that he did not knowingly commit any crime and that he did not believe that his records would show that a crime had been committed.  Petitioner's concern focused on the possibility that the documents could be used as the basis for developing a criminal case.

Petitioner's testimony also provided the basis for finding that his actual cost of living for 1993 and 1994 was below average and would not have been commensurate with BLS averages that respondent utilized for the reconstruction of the 1993 and 1994 income.  At the conclusion of petitioner's brief statement and testimony, respondent's counsel conducted a thorough cross-examination of petitioner concerning the matters stated on direct.  Petitioner was candid, and he was not evasive.  After offering no documents at all and no testimony other than his own, petitioner rested.

Respondent then called the examining agent as a witness to introduce basic documents in the case, including a delinquent 1993 return, transcripts and computer records of petitioner's 1993 and 1994 tax years, and a copy of the deficiency notice. The agent also explained the reconstruction of petitioner's income by means of BLS averages. Petitioner, on cross-examination, only asked respondent's agent why he used BLS averages even though petitioner was drawing unemployment compensation and had a standard of living far below the average depicted by the statistics. The agent responded that petitioner's refusal to come forward with any information at the time of the examination was the reason that any differences in petitioner's cost of living and income from the statistical averages were not taken into account in determining petitioner's income for 1993 and 1994.

Petitioner admittedly and purposely failed to file returns for the taxable years 1993 and 1994. Petitioner asserted the Fifth Amendment with respect to submitting documents or information to respondent or the Court. The filing of income tax returns in accordance with statutory and regulatory provisions does not, per se, violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner, 72 T.C. 1126, 1130 (1979). Petitioner in this case did not claim to be under criminal investigation for the taxable years in

issue. In addition, at trial, respondent's agent confirmed that petitioner was not under criminal investigation by the IRS.

Likewise, we find petitioner's attempt to justify legally his position that he is not subject to Federal income tax to be a repeat of concepts which have been soundly rejected by the Courts. In a terse statement attached to his delinquent 1993 return, petitioner espoused several well-worn, protester-type arguments why he should not be liable for Federal income tax. He attempted to support those arguments by reference to statutes, regulations, and cases which are only related to each other because they all involve issues of taxation. Petitioner by piecing together otherwise unconnected concepts into a patchwork designed to suit his purpose of avoiding his tax obligations has relied on material that is without direct relevance or substance.

Petitioner's legal arguments are without merit and lack factual and legal foundation. In that regard, we are not obligated to exhaustively review and rebut petitioner's misguided contentions. Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); accord Casper v. Commissioner, 805 F.2d 902 (10th Cir. 1986), affg. T.C. Memo. 1985-154.

We turn now to respondent's reconstruction of petitioner's income by use of BLS statistics.  Where a taxpayer has not filed a tax return, respondent may reconstruct the taxpayer's unreported income.  Holland v. United States, 348 U.S. 121 (1954).  The reconstruction of income need only be reasonable in light of all surrounding facts and circumstances.  Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

Petitioner invoked the jurisdiction of this Court but at trial did not produce evidence to rebut the fact that he had sources of income during 1993 and 1994.  Petitioner possessed records that he believed would show that he was not obligated for tax, but he declined and refused to show those records.  A blanket invocation of the Fifth Amendment privilege is simply not a substitute for relevant evidence.  United States v. Rylander, 460 U.S. 752 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989).  This Court has observed that

> A valid assertion of the privilege against self-incrimination, however, is not a "substitute for evidence that would assist in meeting a burden of production," for to adopt such a view "would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his."  * * *  [Petzoldt v. Commissioner, supra at 684-685 (quoting United States v. Rylander, supra at 758).]

The uncontroverted evidence produced by respondent and petitioner's testimony shows that petitioner did earn income

during 1993 and 1994.  In that regard, it is clear that petitioner worked for Party and was reimbursed for expenditures he made.  Petitioner refused to show the amount of the reimbursements and/or that the reimbursements were not income to him and/or that any reimbursed expenditures would have been deductible.  These circumstances permit respondent to reconstruct petitioner's income.  At trial, however, petitioner did present credible testimony showing that his costs of living were quite modest.  In particular, petitioner lived with his mother and had no cost for shelter and reduced costs for his food.  In addition, petitioner's automobiles were nominal in value (several hundred dollars).  Finally, petitioner had lost his regular job in 1992 and received unemployment compensation for some portion of the 2-year period under consideration.

Petitioner's factual testimony was relatively abbreviated because of his intention to criticize the tax system procedure rather than to show that respondent's determination was in error. Within petitioner's abbreviated presentation, however, were sufficient facts to demonstrate some flaws in respondent's reconstruction.  In particular, petitioner's costs of living for his age and locality were less than the average used by respondent.  Accordingly, we hold that petitioner's taxable income, as redetermined, should be reduced from $32,192 for 1993

and $32,866 for 1994 to $20,000 for each of the taxable years in issue.

Finally, respondent determined that petitioner's 1993 and 1994 returns were each delinquent by more than 5 months. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return of 5 percent of the tax due for each month a return is delinquent, not to exceed 25 percent. The addition does not apply if the failure to timely file is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). Petitioner has the burden of proving reasonable cause and the lack of willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). To prove "reasonable cause", taxpayers must show they exercised ordinary business care and prudence and were nevertheless unable to file the return within the statutorily prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner did not file timely 1993 and 1994 income tax returns, and the delinquent return(s) filed by petitioner were each more than 5 months after the due date. Having considered petitioner's reasons for not filing, we also find that petitioner did not have reasonable cause for failing to file timely 1993 and 1994 Federal income tax returns.

Respondent, for 1993 and 1994, also determined that petitioner was liable for self-employment tax and additions to tax for failure to make estimated payments under section 6654. Petitioner bears the burden of showing that part of respondent's determination is in error. Petitioner chose not to carry that burden. Accordingly, petitioner is liable for self-employement tax and additions to tax for failure to make estimated payments under section 6654 for his 1993 and 1994 taxable years.

To reflect the foregoing,

Decision will be entered under Rule 155.