**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MARLENE D. NOAH,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent-Appellee.

No. 97-9018

(U.S. Tax Court)
(Tax Court. No. 27001-96)

VERNON L. NOAH,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent-Appellee.

No. 97-9019

(U.S. Tax Court)
(Tax Court. No. 27000-96)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

These two consolidated appeals challenge the decision of the Tax Court upholding the determination by the Commissioner of the Internal Revenue Service that Vernon L. Noah and Marlene D. Noah were liable for taxes and penalties stemming from their respective failures to file income tax returns for the year 1993. The Tax Court's imposition of additional penalties is also challenged. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

I

Vernon and Marlene Noah, husband and wife, failed to file federal Form 1040 income tax returns, separately or jointly, for the year 1993. Each received a notice of deficiency, Vernon Noah for taxable income totaling $69,948, and Marlene Noah for taxable income of $6,860. The Commissioner determined Vernon and Marlene Noah owed $35,156 and $1,491 respectively in taxes and penalties for failure to file a tax return and failure to pay estimated tax.

Vernon and Marlene Noah filed virtually identical petitions in Tax Court

disputing the Commissioner's determination of their respective deficiencies and penalties. The Commissioner moved to dismiss and requested sanctions in each case. The Tax Court ordered both Vernon and Marlene Noah to amend their petitions to allege facts that would state a case. While both filed "amended" petitions, neither made any meaningful changes in their pleadings.

After a hearing, the Tax Court dismissed the petitions as groundless, granted the Commissioner's motions to dismiss, and ordered both Vernon and Marlene Noah to pay the taxes and penalties assessed by the Commissioner. The Tax Court also determined the proceedings were instituted and maintained primarily to delay, and imposed a $5,000 penalty on Vernon Noah and a $300 penalty on Marlene Noah in favor of the Government pursuant to 26 U.S.C. § 6673 (a).

II

We review decisions of the United States Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a). Accordingly, we review the Tax Court's factual findings for clear error and its legal conclusions *de novo*. *See Schelble v. Commissioner*, 130 F.3d 1388, 1391 (10th Cir. 1997).

-3-

While opting to file separate briefs, Vernon and Marlene Noah raise virtually identical claims on appeal. Therefore, we combine these two cases, and refer to Vernon and Marlene Noah collectively as the Taxpayers. [1] On appeal Taxpayers raise three issues, framing them as follows:

> The Commissioner of Internal Revenue remains without commerce clause delegation to apply interest and penalties upon the Appellant absent any records establishing specific income tax liability. Congress may only lay and collect from a source derived and remains without authority to penalize and punish pursuant to the 16th amendment surrendered authority.
>
> ....
>
> The Tax Court incorrectly decided the facts relating to Congressional authority involving income tax derived from sources "among the several States. The phrase "among the several States" adopted in the language of the 16th amendment as taken either from Article I, § 2, Cl. 3 or Article I, § 8 has unanimously been determined to mean " **interstate** " by the Supreme Court and as such may not be applicable to citizens of a single State of the Union.
>
> ....
>
> Federal Reserve notes are not what Congress considered when the 16th Amendment was being considered and or passed by the

---

[1] At the request of the Tax Court, Marlene and Vernon Noah consented to a consolidated hearing on their virtually identical motions. After the they filed separate notices of appeal, the Commissioner moved to consolidate their appeals. A separate panel of this court granted the motion for procedural purposes, leaving Vernon and Marlene Noah free to file either consolidated or separate briefs. (Order filed 11/13/1997.) Subsequently, their motions to reconsider that order were denied. (Order filed 12/12/97.) They chose to file separate briefs.

States of the Union. Congress was intending to lay and collect a tax upon Money which was of the same type the United States could pay its debts with at Article I, § 8, Cl. 1 and likewise borrow on its Credit at Article I, § 8, Cl. 2.

Based on the record before us, we conclude the Tax Court was correct in its decision to dismiss the Taxpayer's petitions. The Taxpayers were given an opportunity to amend their petitions to allege justiciable issues and failed to do so. At their hearing, the Tax Court advised them as to the applicable law; Taxpayers failed to deal factually or legally with the determinations in the notices of deficiency. Moreover, Mr. Noah admitted to the Tax Court that he failed to file an income tax return in 1993. ( *Id*. at 9.) Taxpayers persisted in making what the Tax Court aptly characterized as groundless, "nonsensical allegations."

On appeal, Taxpayers continue to assert baseless arguments and allegations. For example, Taxpayers allege the Commissioner "has directly subjected the Appellant[s] into involuntary servitude." They also question whether "Federal Reserve notes ... are in fact Lawful Money." Finally, by way of illustration, they note that the Tax Court is empowered by Congress and from this conclude the following:

> If Congress is limited by enumeration or delegation and the Tax Court is a progeny of Congress, then doesn't this make any issue raised challenging the limited reach of Congress frivolous in the eyes of the one who pays the Tax Court Judge. If the issue raised is

frivolous to Congress, then the issue must be frivolous to the Judge.

Vernon and Marlene Noah view the law not as it is, but as they wish it were. The Sixteenth Amendment to the United States Constitution is clear and concise, giving to Congress the "power to lay and collect taxes on incomes, from whatever source derived." Taxpayers' arguments are without legal foundation and fail to persuade us of any error made by the Tax Court.

The Tax Court determined Vernon and Marlene Noah failed to state a claim on which relief could be granted. The Tax Court further concluded Taxpayers filed factually groundless and legally frivolous actions primarily for delay. We agree. Accordingly, the decisions of the Tax Court upholding the Commissioner's determinations and imposing penalties on Vernon and Marlene Noah are **AFFIRMED** for substantially the same reasons.

The final remaining consideration is the Commissioner's request for sanctions in the amount of $2,000 against each of the Taxpayers for bringing a frivolous appeal. *See Casper v. Commissioner*, 805 F.2d 902, 906-07 (10th Cir. 1986) (discussing authority for imposition of sanctions on motion of government).

Taxpayers have had an opportunity to respond.[2] *See Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990) (applying notice and opportunity to respond requirements to *pro se* litigants). In other cases we have imposed sanctions for raising frivolous arguments similar to those raised here. *See United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992); *Lonsdale*, 919 F.2d at 1447-48; *Casper*, 805 F.2d at 906-07; *Stafford v. Commissioner*, 805 F.2d 893, 894-95 (10th Cir. 1986); *Charczuk v. Commissioner*, 771 F.2d 471, 472, 475-76 (10th Cir. 1985). We agree these appeals are frivolous. The Commissioner's motion for imposition of sanctions is **GRANTED**. Taking into account the penalties imposed by the Tax Court and the consolidation of these appeals for purposes of the Commissioner's response, a sanction of $1,000 is imposed against each of the Taxpayers.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2] We note Taxpayers were served with the Commissioner's motion to impose sanctions on or about February 2, 1998. Taxpayers' motion to extend time to file a reply brief was granted on February 13, 1998, giving them until March 13, 1998 to file their reply. No reply brief was filed.