**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

APR 5 2005

**PATRICK FISHER**
**Clerk**

---

ANTHONY A. MOORE,

      Plaintiff - Appellant,

  v.

JUAN HERNANDEZ; ROBERT
JONES; BERNICE MONTOYA;
DONA ANA COUNTY; UNKNOWN
DOES 1-10,

      Defendants - Appellees.

No. 04-2123
(D.C. No. CIV-02-1445 MCA/LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Anthony A. Moore, proceeding pro se, appeals the summary judgment entered in defendants' favor on his claims that his employment as a deputy sheriff with defendant Dona Ana County was terminated in violation of his federal rights. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Mr. Moore's employment with the Dona Ana County Sheriff's Department started in 1997. He received a copy of the County's personnel rules and policies. In 1998, the County suspended him without pay based on his procedure when stopping a driver he suspected was under the influence of alcohol. Mr. Moore invoked the County's grievance procedure and was assisted by a union representative.

In November 1999, Mr. Moore was arrested and jailed on criminal charges in El Paso, Texas. After he had been in jail for several days, during which time he did not report to work, the individual defendants met with him in a conference room at the jail. During that meeting, Mr. Moore wrote and signed a letter of resignation and a waiver of his due process rights. He maintains the resignation was coerced because (1) he was upset and mentally unstable; (2) he understood that if he did not resign, his paycheck would be delayed; and (3) he was not offered a choice other than resignation or termination. He did not try to withdraw his resignation and he did not seek relief under the grievance procedure.

Mr. Moore filed suit under 42 U.S.C. § 1983, claiming he was deprived of his property interest in his continued employment without due process. All defendants denied liability, and the individual defendants raised the defense of qualified immunity. The district court thoroughly evaluated Mr. Moore's claims and granted summary judgment to defendants, in part based on its finding that the individual defendants were entitled to qualified immunity.

On appeal, Mr. Moore argues that the district court erred when it (1) concluded that he was not constructively discharged, but had resigned from his position as a deputy sheriff; (2) granted the individual defendants qualified immunity and based its ruling in part on findings of reasonable mistake, clearly established law, and due process, even though Mr. Moore had not had an opportunity to address those issues; (3) failed to address his claims based on the County's permanent ban on re-employing him; and (4) refused to disqualify the attorney for all defendants on the ground that one attorney properly could not represent the individual defendants as well as the governmental defendant.

*Timeliness of Notice of Appeal*

Without explaining why, defendants assert that this court is without jurisdiction. We assume they argue that Mr. Moore's notice of appeal was filed one day late. As the district court clerk has explained, the initial filing date was in error. The filing date was corrected and, pursuant to the correct filing date, the

-3-

notice of appeal was timely. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered"). Consequently, this court has appellate jurisdiction.

*Standards of Review*

"We review *de novo* the district court's grant of summary judgment, viewing the record it the light most favorable to the party opposing summary judgment." *Southern Hospitality, Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137, 1139 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Plaintiff is representing himself on appeal so his pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Our review of the district court's holding that the individual defendants are entitled to qualified immunity differs from other summary judgment rulings. *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001). Once a defendant raises a the defense of qualified immunity, "the burden shifts to the plaintiff [to] satisf[y] a heavy two-part burden." *Id.* (quotation and citations omitted). First, the plaintiff must demonstrate that the defendant "violated a constitutional or statutory right." *Id.* (quotation omitted). Second, he must show "that the right at issue was clearly established at the time of the defendant's unlawful conduct."

*Id.* at 1156. If the plaintiff cannot make both showings, the defendant is entitled to qualified immunity. *Id.* If he can, the burden shifts to the defendant "to prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id.* (quotation omitted).

Mr. Moore argues that the district court was required to accept as true his version of the facts. While it is true, as the district court recognized, that the court may not resolve disputed facts on summary judgment, it is not required to accept the non-movant's self-serving and conclusory assertions. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002). Moreover, "[a]lthough we are required to view the evidence in the light most favorable to the nonmoving party, we must not refrain from examining the evidence altogether." *Heartsprings, Inc. v. Heartspring, Inc.*, 143 F.3d 550, 557 (10th Cir. 1998).

*Analysis*

We find no reversible error relative to Mr. Moore's constructive-discharge and qualified-immunity challenges. Accordingly, we affirm the summary judgment for the same reasons stated in the district court's comprehensive memorandum opinion and order dated April 27, 2004. There is no merit to Mr. Moore's complaint that the district court erred in considering the issues of reasonable mistake, clearly established law, and due process. These are integral components of qualified immunity law. Even though Mr. Moore is representing

himself, he is required to be aware of the substantive law. *Casper v. CIR*, 805 F.2d 902, 906 n.3 (10th Cir. 1986). In addition, he has not suggested how an opportunity to respond to these issues would have enabled him to resist summary judgment.

We also reject Mr. Moore's contention of error relating to the County's permanent ban on rehiring him, because he did not bring such a claim. He relies exclusively on a statement in his complaint that after he was released from jail, he returned home to find "a pink slip signed by a county commissioner stating he could never be employed by Dona Ana County again." R. Vol. I, doc. 1, at 3; *see also* Aplt. Br. at 5. We hold that this single factual assertion was insufficient to raise a legal claim, and we decline to consider such a claim for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Finally, we reject Mr. Moore's attempt to have the court disqualify the attorney for defendants based on an alleged conflict of interest among defendants. "A degree of skepticism is in order when one party seeks disqualification of opposing counsel based on allegedly deficient representation of the opposing party. . . . [I]n any event, [p]laintiff [has] failed to present any evidence suggesting that [d]efendants' attorney took action to benefit the [County] at the individual [d]efendants' expense." *Chavez v. New Mexico*, 397 F.3d 826, 840

(10th Cir. 2005). Therefore, we find no error in the denial of Mr. Moore's motion to disqualify defendants' attorney. *See id.*

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge