**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY TICE,

      Plaintiff-Appellant,

  v.

STATE OF NEW MEXICO;
DEPARTMENT OF CORRECTIONS,

      Defendants,

    and

KAY AUBREY; PROBATION AND
PAROLE, Director,

      Defendants-Appellees.

No. 04-2060

District of New Mexico

(D.C. No. CIV 02-1579 RB/LFG)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1997, Jerry Tice pleaded guilty to state charges of aggravated battery and aggravated burglary in New Mexico. The trial judge sentenced Mr. Tice to a total of nine years' imprisonment. Part of the judgment provided that:

> FIVE (5) YEARS of the sentence shall be suspended if and only if the Defendant is accepted into and completes a TWO (2) YEAR residential treatment program, in which case he shall be placed on probation for the balance of the sentence. R. Doc. 18, Ex.2.

In custody, Mr. Tice sought acceptance into various treatment centers but was denied. On March 22, 1999, the Parole Board authorized parole for Mr. Tice, effective August 6, 1999. The Certificate of Parole stated that Mr. Tice was to be paroled to Artesia, New Mexico, and he was ordered to report to Officer Leann Martin of the Artesia Police Department. Officer Martin approved of the plan, but noted in a memo to the Chairman of the Parole Board that, according to the condition of judgment, if Mr. Tice were paroled without having already been accepted into a treatment program, he would be in violation of his probation upon release. Officer Martin therefore recommended that, if paroled, Mr. Tice be allowed 30-60 days to find a treatment program and enter into it.

Mr. Tice sought to have the judgment amended to give him time upon his release to find a treatment program. His motion was denied. Mr. Tice was released on parole August 6, 1999. When Mr. Tice reported to his probation officer two days later, he was arrested for failure to pay previous traffic violation

fines and violating the terms of his release.  Mr. Tice was released after this arrest, apparently due to his efforts to find a treatment program and his family's willingness to supervise him.  Nevertheless, the probation officer filed a probation violation report and Mr. Tice was again arrested on August 16, 1999, after the sentencing judge issued a bench warrant for probation violation.

Following a probation revocation hearing before the same judge who originally sentenced Mr. Tice, probation was revoked.  During the course of the hearing, the judge indicated that he had wanted Mr. Tice to parole directly into a treatment center due to concerns about the danger Mr. Tice might pose to the community.  The judge told Mr. Tice, "[Y]ou're one of the more dangerous individuals I've had in my court . . . I specifically wrote the judgment and sentence [so that] you aren't going anywhere except directly to an [Residential Treatment Center]."  R. Doc. 18, Ex. 14, at 10; R&R, at 7.  The judge also said that he "had no clue why the Department of Corrections released you."  *Id.*

Mr. Tice appealed his conviction for probation violation and the New Mexico Court of Appeals reversed the order revoking probation on the grounds that he did not receive a fair warning that *immediate* entry into a treatment program was a condition of his probation and that his violation was not wilful. The court noted, however, that the remedy was not to release Mr. Tice since he should not have been released in the first place.  The court merely "erase[d] from

[the] Defendant's record any order stating that he violated the conditions of probation . . ." R. Doc. 18, Ex. 15, at 6. Mr. Tice was accepted into a treatment center five months later and paroled directly to that center.

Mr. Tice filed a pro se prisoner civil rights appeal pursuant to 42 U.S.C. § 1983 against the State of New Mexico ("State"), the New Mexico Department of Corrections ("DOC"), the Director of the Probation and Parole Board, and Kay Aubrey, his probation officer. After dismissing the State and DOC from the case, the district court granted summary judgment to the remaining defendants, adopting the report and recommendation of the magistrate judge. Mr. Tice appeals that ruling and asks this court to reverse the district court. We review a district court's decision to grant summary judgment de novo. *Casper v. Comm'r of Internal Revenue*, 805 F.2d 902, 904 (10th Cir. 1986). Generally, issues not raised before the district court will not be considered on appeal. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1538 (10th Cir. 1996).

Mr. Tice is proceeding pro se, and we accordingly construe his brief liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Mr. Tice has stretched our capacity to construe pro se briefs liberally to its fullest extent. However, we believe that Mr. Tice is making substantially the same argument that he made to the district court, i.e., that his due process rights were violated when his probation was revoked and that because of the faulty revocation, he was

improperly incarcerated for five months. Mr. Tice's allegation that he was illegally imprisoned for the 5 months between his arrest on August 16, 1999, and his entry into a treatment center is without support in the record. Although the New Mexico Court of Appeals overturned the order revoking probation, the mistake that court sought to correct was not the revocation of probation but the release from prison in the first place. Mr. Tice's argument that he was illegally in prison during those five months is also undermined by Mr. Tice's statements at the probation revocation hearing that "he had tried to prevent his release since he had not met the necessary conditions." R. Doc. 18, Ex. 13, at 3-6, Ex. 14, at 2-3, 11-12. Therefore, the revocation of probation did not result in additional prison time for Mr. Tice; rather, his mistaken release allowed him a few days of unauthorized freedom which the state trial court magnanimously counted toward his sentence anyway.

Mr. Tice raises many arguments on appeal that were not raised to the district court. "Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt or where injustice might otherwise result." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (internal quotation marks and citations omitted). However, we find no reason to consider Mr. Tice's newly-raised issues.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Mr. Tice's motion for additional time to file a supplemental reply brief is **DENIED**. Mr. Tice's motion to correct the record is **GRANTED**. Mr. Tice's motion to proceed *in forma pauperis* is **GRANTED**. He is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full. All other motions are **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge